**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

MAURICE ANTHONY,

                    Plaintiff,

        v.                               No. 9:22-CV-0378
                                          (BKS/CFH)

KEVIN ROSENBERG, et al.,

                    Defendants.

_____

**APPEARANCES:**                     **OF COUNSEL:**

MAURICE ANTHONY
14-A-2070
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. LETITIA JAMES            STEVE NGUYEN, ESQ.
Attorney General for the        Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

<b>REPORT-RECOMMENDATION AND ORDER</b>[1]

    Plaintiff pro se Maurice Anthony ("Plaintiff"), an inmate who was, at all relevant times, in

the custody of the New York State Department of Corrections and Community Supervision

("DOCCS") brings this action pursuant to 42 U.S.C. § 1983 against defendants Kevin

Rosenberg ("Rosenberg"), John Doe 1, and John Doe 2 for violations of his constitutional

---

[1] This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights under the Eighth Amendment.  Dkt. No. 1 ("Compl.").  Plaintiff also asserts claims against Benjamin Oakes ("Oakes"), Amy Ferguson ("Ferguson") and John Does 3 through 10 for violations of Title II of the Americans with Disabilities Act ("ADA").  *Id.*

In lieu of an answer, Rosenberg moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), to dismiss the complaint as against him.  Dkt. No. 30.  Plaintiff opposed the motion (Dkt. Nos. 39, 43, and 54) and Rosenberg responded (Dkt. No. 40).  For the following reasons, it is recommended that Rosenberg's motion to dismiss be granted.

## I.  BACKGROUND

The facts are related herein in the light most favorable to Anthony as the non-moving party.  See subsection II(A) infra.

In October 2016, Plaintiff was diagnosed with "subjective visual disturbance of [the] left eye" and "traumatic cataract of [the] right eye."  Dkt. No. 2 at 23.  On or about January 13, 2017, Rosenberg examined Plaintiff "at the Harrison Optometrist."  Compl. at ¶ 2.  Rosenberg "used a flat head toungue [sic] suppressor type object to push between the top of Plaintiffs [sic] left eye ball and the bone of Plaintiffs [sic] left eye-brow and applied pressure in between, which caused Plaintiff pain."  Id.  Rosenberg diagnosed plaintiff with a retinal detachment and recommended surgery within one to two weeks.  Dkt. No. 2 at 43.

On January 17, 2017, Plaintiff filed a grievance, related to his "outside medical care."  Dkt. No. 2 at 4.  Plaintiff complained that the "Harrison Center eye doctors" repeatedly "pok[ed] his left eye with a sharpe [sic] object."  Id.  Plaintiff claimed that the doctors injured his left eye and indicated that he would "like to press charges."  Id.

On February 3, 2017, Rosenberg performed surgery to repair a retinal eye detachment

2

in Plaintiff's left eye.  Dkt. No. 2 at 13.

Plaintiff alleges that Rosenberg exhibited deliberate medical indifference in violation of the Eighth Amendment and caused Plaintiff's retina to rupture, requiring emergency surgery and eventual "loss of vision, pain, and light sensitivity by the months of May & June of 2017."  Compl. at ¶¶ 2-3.

## II.  DISCUSSION[2]

Rosenberg moves to dismiss the complaint arguing (1) he is not a state actor; (2) Plaintiff's Eighth Amendment claim against Rosenberg fails to state a cause of action; (3) Plaintiff's constitutional claim against Rosenberg is time-barred; and (4) Rosenberg was not timely served.  Dkt. No. 30.

## A.  Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief can be granted."  When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor."  Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009)) (internal quotation marks omitted).  However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

---

[2]  All unpublished opinions cited to by the Court in this Report–Recommendation, unless otherwise noted, have been provided to plaintiff,

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "plausible on its face."  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."));  see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible....") (internal quotation marks and citation omitted). Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Treistman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law....

Treistman, 470 F.3d at 477 (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal

4

quotation marks and citations omitted).

**1. Consideration of Submissions Outside the Pleadings**

As a threshold issue, the Court must address the two documents attached in support of Defendant's motion to dismiss.  See Dkt. No. 30-2 (Defendant's Declaration), Dkt. No. 30-3 (Clinic Staffing Agreement effective January 1, 2017 between Ophthalmology Medical Service Group, Inc. ("Upstate Ophthalmology") and Retina-Vitreous Surgeons of Central New York, P.C. ("RVS") ).

Under Fed. R. Civ. P. 12(b), the "complaint includes . . . any statements or documents incorporated into it by reference." Paulemon v. Tobin, 30 F.3d 307, 308-09 (2d Cir. 1994); see Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").  Even where a document is not incorporated by reference, the district court "may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (noting that a court may properly consider "documents possessed by or known to the plaintiff and upon which it relied in bringing the suit"); see also Riddick v. Watson, 503 F.Supp.3d 399, 411 (E.D. Va. 2020) (reasoning that the Court may consider documents submitted by the party moving to dismiss if the documents are integral to the complaint and their authenticity is undisputed) (citation omitted).  "[I]n most instances where a document is purportedly integral to a complaint, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason [. .

5

. ] was not attached to the complaint." McLennon v. City of New York, 171 F.Supp.3d 69, 89 (E.D.N.Y. 2016) (internal quotation marks omitted) (citing Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006)).

In this case, Plaintiff's claims against Rosenberg are based on "whether [Rosenberg] had a duty to provide health care to the plaintiff" which depends on whether a contract existed. Hinton v. Corr. Corp. of Am., No. CIV.A. 08-778, 2009 WL 1651656, at *1-2 (D.D.C. June 11, 2009) (reasoning that a contract related to eye care and other medical services, which was not annexed or referenced in the complaint but submitted by defendant in support of motion to dismiss, could be considered by the court). Here, Plaintiff does not challenge the authenticity of the contract and cites to the Clinic Staffing Agreement in his opposition to the motion. See Dkt. No. 39 at ¶¶ 9-13, 16-17. Thus, the contract "may be considered on the motion to dismiss without converting the motion to one for summary judgment." See Hinton, 2009 WL 1651656, at *2.

### B. State Actor

A plaintiff cannot hold a defendant liable under Section 1983 unless he or she can establish that the defendant acted under the color of state law. See 42 U.S.C. § 1983; see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (noting state action requirement under Section 1983). As the Supreme Court of the United States has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Sullivan, 526 U.S. at 50 (1999) (internal quotation marks and citations omitted). A plaintiff "bears the burden of proof on the state action issue." Hadges v. Yonkers Racing Corp., 918 F.2d 1079, 1083 n.3 (2d Cir. 1990).

6

"[S]ection 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Gonzalez v. L'Oreal USA, Inc., 489 F.Supp.2d at 181, 186 (N.D.N.Y. 2007) (quoting Sullivan, 526 U.S. at 50). "The conduct of private actors can be attributed to the State . . . if (1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." Hogan v. A.O. Fox Mem'l Hosp., 346 F. App'x 627, 629 (2d Cir. 2009) (summary order) (citing Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (per curiam)). "[A] private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state." Zavalidroga v. Hester, No. 6:19-CV-1412 (GTS/TWD), 2020 WL 210812, at *9 (N.D.N.Y. Jan. 14, 2020) (citation omitted), report and recommendation adopted, 2020 WL 633291 (N.D.N.Y. Feb. 11, 2020). "However, a 'conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.'" Id. (quoting Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002)).

"The crucial inquiry in determining whether a physician who provides medical services to inmates is a state actor for purposes of § 1983, is the relationship among the State, the physician, and the plaintiff." Nunez v. Horn, 72 F.Supp. 2d 24, 27 (N.D.N.Y. 1999) (citing West v. Atkins, 487 U.S. 42, 56 (1988)). "If a plaintiff can establish that a private hospital or private physician was under contract with the state to provide medical services to inmates, the hospital or physician may be liable as a 'state actor' under section 1983." Johnson v. Cnty. of Saratoga, No. 9:18-CV-0096 (DNH/DEP), 2018 WL 10910777, at *5 (N.D.N.Y. Apr. 16, 2018) (citations omitted).

7

Here, Rosenberg avers that he did not treat Plaintiff in a prison setting, he was not employed by DOCCS, and the Clinic Staffing Agreement does not indicate that services would be provided to inmates.  Dkt. No. 30-2 at ¶¶ 5, 6, 8, 9.  Therefore, Rosenberg argues that he is not a "state actor" for the purposes of Section 1983.  Dkt. No. 30-1 at 5-6.

The case Rosenberg cites in support of the motion, Nunez, is distinguishable.  First, the Nunez case involved a motion for summary judgment where discovery was completed.  Further, unlike Nunez, Rosenberg does not address the issue of whether Upstate or RVS had a contract with DOCCS, and Rosenberg's declaration lacks any information related to how he was compensated for his services; the nature of his relationship or RVS' relationship with Upstate; whether he previously provided medical treatment for inmates and, if so, how often.

At this juncture, "the relevant factual nuances" regarding the relationship between Rosenberg, RVS, Upstate, DOCCS, and DOCCS' inmates/patients has not been sufficiently developed to allow this Court to conclude that Rosenberg was not a state actor.  See Wright v. Genovese, 694 F.Supp.2d 137 (N.D.N.Y. 2010) (declining to decide whether the defendant/doctor was a state actor where evidence suggested "an ongoing relationship" to "provide[] consultation and surgery services to state inmates," and established that defendant and his practice "benefitted from the Albany Medical Center/DOCCS contract"), aff'd, 415 Fed. App'x 313 (2d Cir. 2011).

Drawing all reasonable inferences in Plaintiff's favor and construing the complaint liberally, with the special solicitude due to the pro se plaintiff, the Court finds that Plaintiff's claims against Rosenberg cannot be dismissed at this stage on the basis that Rosenberg is not a state actor.  Accordingly, Defendant's motion to dismiss the complaint, on this ground,

8

should be denied.

### C. Deliberate Medical Indifference

The Eighth Amendment's prohibition against cruel and unusual punishment establishes "the government's obligation to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). A claim alleging an Eighth Amendment violation related to medical needs must satisfy both objective and subjective requirements. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996); accord, Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). To satisfy the objective requirement, the alleged deprivation must be "sufficiently serious." Hathaway, 99 F.3d at 553; see also Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006) ("[T]he objective test asks whether the inadequacy in medical care is sufficiently serious."). To satisfy the subjective requirement "[i]n medical-treatment cases . . ., the [defendant's] state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the [defendant] acted with deliberate indifference to inmate health." Salahuddin, 467 F.3d at 280. "Deliberate indifference," in a constitutional sense, "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." Id.; see also Farmer v. Brennan, 511 U.S. 825, 837 (1984) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Rosenberg moves to dismiss the deliberate medical indifference claims, arguing that, even assuming he caused injury to Plaintiff during an examination, negligence is not an Eighth Amendment violation. See Dkt. No. 30-1 at 7. Plaintiff claims he told Rosenberg that he was hurting him, and Rosenberg stated, "that's normal" and "continued to press a[n]

object into [his] eye socket and eyeball area[.]" Dkt. No. 39 at ¶ 5. Plaintiff allegedly told Rosenberg to stop, and Rosenberg did not comply. Dkt. No. 43 at 6. Plaintiff also contends that Rosenberg admitted that he did not review Plaintiff's medical file and did not explain why he was probing Plaintiff's left eye when Plaintiff had complaints related to his right eye. Dkt. No. 39 at 15.

A fuller record of the decisions made by Rosenberg made may demonstrate that Plaintiff's Eighth Amendment claim is not viable. However, when his allegations are construed in the light most favorable to him, the complaint is sufficient to plausibly allege the culpable mental state necessary to satisfy the subjective element of a deliberate indifference claim. See Spruill v. Gillis, 372 F.3d 218, 237 (3d Cir. 2004) (holding that the plaintiff adequately plead an Eighth Amendment violation against the defendant doctor who, while examining the plaintiff, allegedly "twisted the plaintiff's legs as if he was trying to shape a pretzel," while the plaintiff "repeatedly told" the defendant that the examination caused him additional pain). The question of whether Rosenberg acted with a sufficiently culpable state of mind is better suited for resolution on a motion for summary judgment, or at trial, based on a fully developed record. Accordingly, it is recommended that Defendant's motion on this ground be denied.

### D.  Statute of Limitations

Defendant argues that Anthony's deliberate medical indifference claim should be dismissed because it is time barred by the three-year statute of limitations. See Dkt. No. 30-1 at 4-5.

As the statute of limitations is an affirmative defense, on a motion to dismiss, "the defendant has the burden of demonstrating, based on the allegations in the complaint, that

the claim is untimely." Egan v. Kennedy, No. 04-CV-6626, 2008 WL 4647740, at *3 (W.D.N.Y. Oct. 17, 2008).  Although 42 U.S.C. § 1983 does not contain a statute of imitations provision, "42 U.S.C. § 1988 endorses the borrowing of state-law limitations provisions where doing so is consistent with federal law." Owens v. Okure, 488 U.S. 235, 239 (1989).  In New York, the applicable statute of limitations for a section 1983 suit is three years, which is derived from the general or residual personal injury laws of the state.  See N.Y. C.P.L.R. § 214(5); Owens, 488 U.S. at 249-50; Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970); Lugo v. Senkowski, 114 F.Supp.2d 111, 113 (N.D.N.Y. 2000) (applying Owens in establishing a three-year statute of limitation for section 1983 claims).  Therefore, Plaintiff's Eighth Amendment deliberate indifference claim is subject to New York's three-year statute of limitations.

Federal law, however, governs the determination of the accrual date for purposes of a section 1983 claim.  See Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002).  A claim accrues "when the plaintiff knows or has reason to know" of the harm.  Id. (citations and internal quotation marks omitted).  "The crucial time for accrual purposes is when the plaintiff becomes aware that he [or she] is suffering from a wrong for which damages may be recovered in a civil action." Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980).  With respect to a medical indifference claim, such a claim accrues when the constitutional violation allegedly occurs.  See Cotto v. City of New York, No. 15-CV-9123, 2017 WL 3476045, at *3 (S.D.N.Y. Aug. 11, 2017) (holding the plaintiffs' claims accrued on the date that the plaintiffs "allege their various federal constitutional violations . . . occurred[.]").  "Actual awareness of injury is irrelevant[.]" Spigner v. City of New York, Bronx Cty., No. 94-CV-8015, 1995 WL 747813, at *2 (S.D.N.Y. Dec. 18, 1995), aff'd, 101

11

F.3d 1393 (2d Cir. 1996).

Plaintiff commenced this action on April 20, 2022.[3]  See Dkt. No. 1 at 8.  In order to be considered timely, Plaintiff's Eighth Amendment claim against Rosenberg must have accrued within the three years preceding April 20, 2020 -- or no earlier than April 20, 2017. See Owens, 488 U.S. at 249-50.  The medical indifference claim accrued -- and the limitation period began to run -- "when the plaintiff knows or has reason to know" of the harm.  Pearl, 296 F.3d at 80.  Here, Plaintiff's claim accrued no later than January 13, 2017, the date Rosenberg examined him.  Indeed, Plaintiff cannot dispute that he was aware of his injury in January 2017 because he filed a grievance at his facility concerning his "outside medical care."  Dkt. No. 2 at 49; see also Sides v. Paolano, 782 F. App'x 49, 50 (2d Cir. 2019) (finding that the plaintiff was aware of his injury when he filed a grievance).  That a plaintiff did not know the true extent of his injuries until some later date does not provide a basis to delay accrual of the limitations period.  See Santos v. Deborah Geer, P.A., No. 9:20-CV-0421 (LEK/DJS), 2020 WL 5525177, at *3 (N.D.N.Y. Sept. 15, 2020).  As a result, even when the complaint is construed liberally, all factual allegations are accepted as true, and all reasonable inferences are drawn in Plaintiff's favor, Selevan, 584 F.3d at 88, Plaintiff's deliberate indifference claim is untimely because it was not filed within the three-year statute of limitations period.

This conclusion does not end the Court's analysis.  Although defendant did not address

---

[3]  Under the "prison mailbox rule," the date of filing is generally presumed to be the date that an inmate delivers his or her complaint to a prison guard for mailing.  See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001).  "In the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."  Hardy v. Conway, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) (collecting cases).  Here, the complaint was signed on April 20, 2022, and received by the Court on April 22, 2022.  See Dkt. No. 1.  Accordingly, the undersigned concludes that the action was commenced on April 20, 2022.

this issue, when the opposition papers are construed with the appropriate and required <u>pro</u> <u>se</u> leniency, plaintiff invokes the continuing violation doctrine and the principles of statutory and equitable tolling. <u>See</u> Dkt. No. 54 at 8.

### 1. Continuing Violation Doctrine

"The continuing violation doctrine is an 'exception to the normal knew or should have known accrual date.'" <u>Shomo v. City of New York</u>, 579 F.3d 176, 181 (2d Cir. 2009) (quoting <u>Harris v. City of New York</u>, 186 F.3d 243, 248 (2d Cir. 1999)). "To assert a continuing violation for statute of limitations purposes, the plaintiff must 'allege both the existence of an ongoing policy of [deliberate indifference to serious medical needs] and some non-time-barred acts taken in the furtherance of that policy.' " <u>Id</u>. at 181 (quoting <u>Harris</u>, 186 F.3d at 250). Under this doctrine, the limitations period does not begin to run until the last act taken in furtherance of that policy. <u>See Cornwell v. Robinson</u>, 23 F.3d 694, 703 (2d Cir. 1994). "'[A] continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred . . . act.'" <u>Warren v. Sawyer</u>, No. 9:15-CV-0591 (GTS/DEP), 2016 WL 1558460, at *5 (N.D.N.Y. Apr. 15, 2016), <u>aff'd</u>, 691 F. App'x 52 (2d Cir. 2017) (summary order) (quoting <u>Harris</u>, 186 F.3d at 250).

Upon review, the Court finds nothing in the complaint plausibly suggesting that the continuing violation doctrine applies to Plaintiff's Eighth Amendment claim against Rosenberg. <u>See</u> Compl. According to Plaintiff, the unconstitutional conduct allegedly occurred in January 2017. Plaintiff has not alleged the existence of an ongoing policy of deliberate indifference to his serious medical needs relating to his eye. <u>See Shomo</u>, 579 F.3d at 181. Even if Plaintiff had set forth factual allegations regarding such a policy, he has likewise failed to plausibly allege that Rosenberg committed acts in furtherance of that

13

policy within the three-year statutory period.  See id.  Here, Plaintiff makes no allegation

regarding any treatment from Rosenberg after February 3, 2017, the date of Plaintiff's

surgery.  See Compl.; see also Sides, 782 F. App'x at 50 (reasoning that the continuing

violation doctrine does not extend the accrual date of the plaintiff's claim beyond the date

that the plaintiff was no longer in the defendant's care).

Accordingly, the undersigned concludes that the continuing violation doctrine does not

apply.

### 2. Statutory and Equitable Tolling

Although it is well-settled that federal law determines the accrual of a cause of action

arising under section 1983, tolling principles are informed by state law, unless those state

principles would "defeat the goals" of section 1983.  Pearl, 296 F.3d at 80 (quoting Hardin v.

Straub, 490 U.S. 536, 539 (1989)).  In New York, the statute of limitations period may be

extended "[i]f a person entitled to commence an action is under a disability because of

infancy or insanity at the time the cause of action accrues," N.Y. C.P.L.R § 208, but such

tolling "is not appropriate where a plaintiff does not act with reasonable diligence."

Levermore v. De Silva, 465 F. App'x 16, 17 (2d Cir. 2012) (summary order).  "Physical

ailments, however, do not suffice to invoke the New York tolling provisions."  Baroor v. New

York City Dep't of Educ., 362 F. App'x 157, 159-60 (2d Cir. 2010) (summary order); see

also Mandarino v. Mandarino, 408 F. App'x 428, 431 (2d Cir. 2011) (summary order) (noting

that tolling is only available to "those individuals who are unable to protect their legal rights

because of an over-all inability to function in society").

Plaintiff asserts that he was confronted with an "ongoing medical emergency" and

"vision loss" that prevented him from filing his claim against Rosenberg.  Dkt. No. 54 at 3;

Dkt. No. 54-1; see Rodriguez v. McGinnis, 1 F.Supp. 2d 244, 246-47 (S.D.N.Y. 1998) ("Although material outside a complaint generally is not to be taken into consideration on a motion to dismiss, the policy reasons favoring liberal construction of pro se complaints permit a court to consider allegations of a pro se plaintiff in opposition papers on a motion where . . . those allegations are consistent with the complaint.").  This visual impairment is not adequate to invoke statutory tolling under N.Y. C.P.L.R. § 208.  See Baroor, 362 Fed. App'x at 159-60.  This is particularly true in the absence of any evidence that the visual disability has caused Plaintiff to suffer from an overall inability to function in society.  See e.g., Walker v. Raja, No. 17-CV-5202, 2020 WL 606788, at *13 (E.D.N.Y. Feb. 7, 2020) (concluding that the visually-impaired plaintiff could not benefit from statutory tolling due, in part, to his failure to demonstrate an overall inability to function in society).

Plaintiff has also failed to meet his burden of establishing his entitlement to equitable tolling.  Equitable tolling of the statute of limitations is applicable in certain situations where the Court determines that a plaintiff should, in fairness, be excused from his or her lateness in filing a complaint.  Gonzalez v. Hasty, 651 F.3d 318, 323-24 (2d Cir. 2011).  "Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances."  Id. (quoting Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 322 (2d Cir. 2004)); Lyons v. Emerick, 187 F. App'x 219, 221 (3d Cir. 2006) ("[I]n order to be eligible for equitable tolling, a plaintiff must exercise "reasonable diligence in investigating and bringing [his or her] claims.").  The plaintiff bears the burden of showing that he or she is entitled to equitable tolling. See Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007).

Here, there is nothing in the complaint that would plausibly suggest that this case is one

of the "rare and exceptional" matters where the invocation of equitable tolling is warranted.

See Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004).  In addition, the complaint does not

suggest that Plaintiff acted with "reasonable diligence" in bringing this action.  Id.  Simply

put, the undersigned is unable to discern any basis to invoke equitable tolling in order to

salvage what is an otherwise patently untimely medical indifference claim against

Rosenberg.  See Baker v. Bank of Am., N.A., 706 F. App'x 43, 44 (2d Cir. 2017) (summary

order).

Consequently, because Plaintiff's Eighth Amendment claim against Rosenberg is

untimely, the undersigned recommends granting Defendant's motion to dismiss on this

ground.[4]

### E.  Leave to Amend

Where a pro se complaint fails to state a cause of action, the court generally "should

not dismiss without granting leave to amend at least once when a liberal reading of the

complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222

F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  In an over-abundance

of caution and, particularly in light of the fact that statutory tolling is a fact-intensive inquiry,

the undersigned recommends that Plaintiff be given one opportunity to amend his complaint

with the benefit of the analysis provided by this Report-Recommendation and Order.  In

making this recommendation, the Court reminds Plaintiff that a difficulty in functioning will

not be sufficient to save his untimely claims and that he will ultimately bear the burden of

---

[4]  The Court declines to consider Defendant's alternative theory for dismissal, related to service, in light of the conclusion that Plaintiff's claims must be dismissed for failure to comply with the statute of limitations.

demonstrating a continuous " 'severe and incapacitating' disability" during the relevant time period that impacted his overall ability to function in society.  Washington v. Doe, 08 CV 4399, 2011 WL 679919, at *2 (E.D.N.Y. Feb. 16, 2011); see Perkins v. Rome Mem'l Hosp., No. 6:20-CV- 0196 (NAM/ATB), 2020 WL 6504626, at *5 (N.D.N.Y. Nov. 5, 2020) (granting the plaintiff leave to amend to provide additional "factual, non-conclusory allegations" to state a timely claim after the defendant moved to dismiss).

Plaintiff is reminded that if the District Judge permits him to file an amended complaint, the new pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted.  See FED. R. CIV. P. 8(a).  In addition, any amended pleading will replace the prior pleadings in the action, and it thus will "render [any prior complaint] of no legal effect."  Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. Int'l Controls Corp., 434 U.S. 1014 (1978); see also Shields v. City-Trust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  As a result, any amended pleading must be a wholly integrated and complete pleading that does not rely on or incorporate by reference any pleading or document previously filed with the Court.

### III. CONCLUSION

**WHEREFORE**, based on the findings set forth above, it is hereby:

**RECOMMENDED**, that Defendant's motion for dismissal (Dkt. No. 30) **be GRANTED** based on the statute of limitations; and it is further

**RECOMMENDED**, that Plaintiff's complaint against defendant Rosenberg be **DISMISSED** without prejudice and with leave to replead; and it is further

17

**RECOMMENDED**, that if the District Judge permits plaintiff to amend the complaint as to defendant Rosenbreg, any amended complaint be required to be filed within thirty (30) days of the District Judge's order adopting this Report-Recommendation and Order, and that should plaintiff file such amended complaint, the Clerk of the Court is to return this case to the Magistrate Judge for review of the amended complaint, and if plaintiff fails to file an amended complaint within this time frame, the case be deemed closed without further order of the Court; and it is further

**ORDERED**, that copies of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules of Practice.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c)), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.4.[5]

Dated: June 22, 2023
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. See Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).

18