UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MAURICE ANTHONY,

                        Plaintiff,                    9:22-cv-378 (BKS/CFH)

v.

KEVIN ROSENBERG, et al.,

                        Defendants.

**Appearances:**

*For Plaintiff pro se:*
Maurice Anthony
14-A-2070
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

*For Defendant Rosenberg:*
Letitia James
Attorney General of the State of New York
Olivia R. Cox
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff Maurice Anthony brings this civil rights action asserting claims under 42 U.S.C. § 1983 related to his incarceration.  (Dkt. No. 1).  On September 22, 2022, Defendant Kevin Rosenberg filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 30).  Plaintiff filed a response on November 16, 2022, (Dkt. No. 39), Defendant Rosenberg filed a reply on November 23, 2022, (Dkt. No. 40), and Plaintiff filed additional responses on January 3, 2023 and February 27, 2023, (Dkt. Nos. 43, 54).  This matter

1

was assigned to United States Magistrate Judge Christian F. Hummel who, on June 22, 2023, issued a Report-Recommendation and Order recommending that Defendant's motion to dismiss be granted based on the statute of limitations and that Plaintiff's Complaint be dismissed against Defendant Rosenberg without prejudice and with leave to replead. (Dkt. No. 58). Magistrate Judge Hummel advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the Report-Recommendation, and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.*, at 18).

After receiving several extensions, Plaintiff filed objections to the Report-Recommendation on August 11, 2023. (Dkt. No. 69). For the reasons set forth below, the Report-Recommendation is adopted in part and rejected in part.

I.   **STANDARD OF REVIEW**

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely

perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## II. DISCUSSION

As relevant here, Plaintiff alleges that on or about January 13, 2017, he received medical treatment from Defendant Rosenberg for an eye condition and that Defendant Rosenberg acted with deliberate indifference and caused him an injury, in violation of Plaintiff's rights under the Eighth Amendment. (Dkt. No. 1). Reviewing Defendant Rosenberg's motion to dismiss, Magistrate Judge Hummel found that Plaintiff's claim against Defendant Rosenberg "cannot be dismissed at this stage on the basis that Rosenberg is not a state actor," and that "the complaint is sufficient to plausibly allege the culpable mental state necessary to satisfy the subjective element of a deliberate indifference claim." (Dkt. No. 58, at 8–10).

However, Magistrate Judge Hummel found that Plaintiff's deliberate indifference claim, filed April 20, 2022, "is untimely because it was not filed within the three-year statute of limitations period." (*Id.*, at 12). Magistrate Hummel also found "nothing in the complaint plausibly suggesting that the continuing violation doctrine applies to Plaintiff's Eighth Amendment claim against Rosenberg." (*Id.*, at 13). Next, Magistrate Judge Hummel found that Plaintiff's alleged visual impairment, as described in his Amended Response papers, (Dkt. Nos. 54, 54-1), was "not adequate to invoke statutory tolling" under New York law. (*Id.*, at 14–15). Magistrate Judge Hummel also found that Plaintiff "failed to meet his burden of establishing his entitlement to equitable tolling." (*Id.*, at 15). In so finding, Magistrate Judge Hummel stated that "there is nothing in the complaint that would plausibly suggest that this case is one of the 'rare and exceptional' matters where the invocation of equitable tolling is warranted," and that "the complaint does not suggest that Plaintiff acted with 'reasonable diligence' in bringing this

3

action." (*Id.*, at 15–16).  Magistrate Judge Hummel was thus "unable to discern any basis to invoke equitable tolling in order to salvage what is an otherwise patently untimely medical indifference claim against Rosenberg." (*Id.*, at 16).  In sum, Magistrate Judge Hummel recommended granting Defendant Rosenberg's motion to dismiss based on the statute of limitations and that Plaintiff be given one opportunity to amend his Complaint, reminding Plaintiff of the showing he must make to support tolling.  (*Id.*, 16–17).

Plaintiff has objected to the Report-Recommendation by making three sets of factual allegations: 1) from the January 13, 2017 incident until surgery on February 3, 2017, he was in a "severe emotional state of mind dealing with severe mental health issues which was cause[d] by Dr. Kevin Rosenberg," that he was blind in the right eye and severely injured in the left eye, and that he was "not in the right state of mind (mental health) nor physical health" to file a lawsuit; 2) from February 3, 2017 until around May of 2017, he was in recovery and mostly blind, he had pain in the left eye and experienced dizziness and headaches, and he was fearful and paranoid and was put on mental health medication; and 3) from 2017 to 2020, he was unable to read or write without "extreme pain," and he experienced "constant abuse" by prison staff "not answering grievances" and that officials failed to provide a reasonable accommodation that would allow him to access the law library and equipment needed to file suit.  (Dkt. No. 69). Plaintiff asserts that it wasn't until he contacted a legal aid organization that he was transferred to Sullivan Correctional facility in 2019, where he received a reasonable accommodation and was able to access a law library "to study [his] medical file and history to perfect a 1983." (*Id.*, at 14).  Plaintiff has also submitted supporting medical records.  (Dkt. No. 69-1).

Missing from Plaintiff's objections, however, is a specific reference to any finding made by Magistrate Judge Hummel.  As discussed above, even if a party is proceeding *pro se*, his

4

objections to a Report-Recommendation must be specific and clearly aimed at particular findings in the Magistrate's proposal. Plaintiff's objections largely amount to a rehashing of the factual allegations he made in his Amended Response to Defendant Rosenberg's motion to dismiss. (Dkt. No. 54, at 3–4, 7–8). Because Plaintiff has not made a proper objection to the Report-Recommendation, the Court reviews for clear error.

Having reviewed the Report-Recommendation for clear error, the Court finds none except for Magistrate Judge Hummel's analysis of equitable tolling of the statute of limitations. As discussed above, Magistrate Judge Hummel found that Plaintiff "failed to meet his burden of establishing his entitlement to equitable tolling," noting that "there is nothing in the complaint that would plausibly suggest that this case is one of the 'rare and exceptional' matters where the invocation of equitable tolling is warranted," and that "the complaint does not suggest that Plaintiff acted with 'reasonable diligence' in bringing this action." (Dkt. No. 58, at 15–16). Thus, it appears that Magistrate Judge Hummel limited his analysis of equitable tolling to Plaintiff's allegations in the Complaint.

In general, "[w]hile Rule 12(b)(6) allows consideration of whether the complaint shows on its face that the limitations period has ran, the question of equitable tolling generally depends on matters outside the pleadings." *Hood v. Catholic Health Sys., Inc.*, 20-CV-673, 2020 WL 8371205, at *3, 2020 U.S. Dist. LEXIS 249477, at *6 (W.D.N.Y. Sept. 28, 2020). Here, in response to Defendant's motion to dismiss, Plaintiff submitted response papers with factual allegations relevant to equitable tolling, i.e. that his eye injury and vision loss prevented him from filing suit. (Dkt. Nos. 43, 54). Magistrate Judge Hummel referred to these papers when discussing statutory tolling but did not do so for equitable tolling. (Dkt. No. 58, at 14–16). Magistrate Judge Hummel did state that he was "unable to discern any basis to invoke equitable

tolling," (*id.*, at 16), which could be seen as referring to the entire record. But to the extent Magistrate Judge Hummel did not consider relevant matters outside the pleadings in analyzing equitable tolling, it was clear error, and the Court must reject his finding.

In any event, the Court has reviewed the equitable tolling issue and reaches the same ultimate conclusion as Magistrate Judge Hummel. "Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. U.S.*, 656 F.3d 135, 144 (2d Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Because statutes of limitations protect important social interests in certainty, accuracy, and repose, equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *Id.* (cleaned up with internal citations and quotations omitted).

According to Plaintiff's response papers, he suffered an eye injury on January 13, 2017 and related vision loss which prevented him from reading, writing, and working on his case. (Dkt. No. 43, at 2–3; Dkt. No 54, at 3). Plaintiff alleges that this state of affairs continued until he was transferred on December 19, 2019[1] to Sullivan Correctional Facility, which houses the visually impaired and legally blind, and that he received medical accommodations at the facility on January 3, 2020 which enabled him to read and write. (Dkt. No. 43, at 4; Dkt. No. 54, at 4). Similarly, in Plaintiff's objections to the Report-Recommendation, he describes various medical challenges he faced from 2017 to 2020. (Dkt. No. 69). But nowhere in these submissions does

---

[1] Plaintiff identified this date as December 19, 2020, but given the context and the dates in Plaintiff's objections to the Report-Recommendation, it appears that he meant to write December 19, 2019.

Plaintiff identify what efforts if any he undertook from 2017 to 2020 to pursue his legal rights.[2] Moreover, Plaintiff does not allege any facts to show that he was further hindered or made any efforts to advance his case in between the time he received an accommodation in January 2020 and the date he commenced this action, April 22, 2022.  (Dkt. No. 1).

On this record, the Court finds that Plaintiff has not shown that he has been pursuing his rights diligently or that an extraordinary circumstance prevented him from filing suit sooner. Therefore, Plaintiff is not entitled to equitable tolling of the statute of limitations, and his deliberate indifference claim against Defendant Rosenberg must be dismissed as untimely.

## III. CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 58) is **ADOPTED** in part and **REJECTED** in part as described above; and it is further

**ORDERED** that Defendant Rosenberg's motion to dismiss (Dkt. No. 30) is **GRANTED** based on the statute of limitations; and it is further

**ORDERED** that Plaintiff's Complaint as against Defendant Rosenberg is **DISMISSED** without prejudice and with leave to replead; and it is further

**ORDERED** that any Amended Complaint <u>must set forth specific factual allegations showing equitable tolling—that Plaintiff has been pursuing his rights diligently and that some extraordinary circumstance stood in his way</u>; and it is further

---

[2] To the extent Plaintiff references filing prison grievances, (Dkt. No. 69, at 8), it is not clear how those grievances were related to or would have advanced Plaintiff's deliberate indifference claim against Defendant Rosenberg.

**ORDERED** that any Amended Complaint must be filed **within thirty (30) days** of the date of this Order.  Any Amended Complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely Amended Complaint, it shall be referred to Magistrate Judge Hummel for review; and if Plaintiff fails to file a timely Amended Complaint, the Clerk is directed to terminate Defendant Rosenberg from this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 22, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge