**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MAURICE ANTHONY,

Plaintiff,

-v- 9:22-CV-378 (AJB/PJE)

KEVIN ROSENBERG *et al.*,

Defendants.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On April 22, 2022, *pro se* plaintiff Maurice Anthony ("plaintiff"), a visually impaired individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this action alleging that certain medical providers violated his civil rights while he was housed at several DOCCS facilities. *See* Dkt. No. 1. Along with his complaint,

plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 6.

The matter was initially assigned to Chief U.S. District Judge Brenda K. Sannes, who granted plaintiff's IFP Application and, after an initial review of the pleading, concluded that certain claims required a response: (1) 42 U.S.C. § 1983 claims alleging deliberate medical indifference in violation of the Eighth Amendment against defendants Rosenberg, Doe 1, and Doe 2; and (2) Americans with Disabilities Act ("ADA") claims alleging violations of Title II of the statute against defendants Oakes, Ferguson, and Does 3 through 10. Dkt. No. 8.

Thereafter, defendants Ferguson and Oakes answered the complaint. Dkt. No. 25. But defendant Rosenberg moved to dismiss. Dkt. No. 30. After that motion was fully briefed, U.S. Magistrate Judge Christian F. Hummel advised by Report & Recommendation ("R&R") that Rosenberg's motion to dismiss be

granted. Dkt. No. 58. As Judge Hummel explained, plaintiff's claims against Rosenberg were barred by the applicable statutes of limitations. *Id.* Chief Judge Sannes adopted in part and rejected in part that R&R. Dkt. No. 73. As relevant here, however, Chief Judge Sannes dismissed plaintiff's claims against Rosenberg with leave to replead. *Id.*

On October 23, 2023, plaintiff filed an amended complaint. Dkt. No. 85. Chief Judge Sannes conducted an initial review of the amended pleading and, this time around, concluded that the following claims required a response: (1) § 1983 Eighth Amendment medical indifference claims against Rosenberg, Oakes, Sheahan, John Does 1 and 2, Jane Does 2 and 9, and Doe Mental Health Counselor; and (2) ADA Title II claims against Oakes, Sheahan, Ferguson, Thoms, and Does 3–10. Dkt. No. 102.

Thereafter, the named defendants answered, Dkt. No. 115, and the parties conducted a period of discovery, *see, e.g.*, Dkt. No.

148. The matter was later reassigned to this Court, Dkt. No. 132, and, upon Judge Hummel's retirement, referred to U.S. Magistrate Judge Paul J. Evangelista to supervise pre-trial matters, Dkt. No. 133. The parties eventually cross-moved for summary judgment in October of 2025. Dkt. Nos. 157, 161.

On August 17, 2026, Judge Evangelista advised by R&R that defendants' motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied. Dkt. No. 174. As Judge Evangelista explained, plaintiff's claims were barred by the applicable limitations periods for § 1983 and ADA claims. *Id.* And with the benefit of a discovery record, Judge Evangelista further concluded that neither equitable tolling principles nor the COVID-19 executive orders (nor other statutory tolling principles, for that matter) were enough to save these time-barred claims. *Id.* Finally, because discovery was closed and the Does had not been identified and served with the amended

complaint, Judge Evangelista recommended these defendants be dismissed. *Id*.

Plaintiff has not lodged objections. Instead, plaintiff timely sought an extension of time in which to do so, Dkt. No. 175, which this Court granted in part, Dkt. No. 176. Thereafter, plaintiff filed a second letter request seeking a further sixty-day extension of time to try to find an attorney, obtain additional records, and "perfect" his objections to the R&R. Dkt. No. 177.

Plaintiff's request for a further extension of time will be denied. Out of an abundance of caution, the Court has conducted a *de novo* review of the R&R and the underlying filings. What those filings reveal is that, from the very beginning of this litigation, multiple judicial officers have warned plaintiff that his § 1983 and ADA claims have an obvious timeliness problem. *See, e.g.*, Dkt. Nos. 73, 102.

Although Chief Judge Sannes permitted this case into discovery after concluding that plaintiff's amended complaint "sufficiently alleged facts to *suggest* that equitable tolling applies," Dkt. No. 102 (emphasis added), both Chief Judge Sannes and Judge Hummel explained to plaintiff in some detail that the doctrine of equitable tolling is for "rare and exceptional circumstances" and, importantly, requires a plaintiff to show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *See* Dkt. No. 102 at 13 (quoting Dkt. No. 73 at 6).

In other words, plaintiff has long been on notice that he would need to develop some facts tending to establish both elements of this "rare" exception. After discovery, defendants' motion for summary judgment sought dismissal on the basis of timeliness and tolling (as well on the merits). Dkt. No. 157. Plaintiff's cross-motion explained in detail the chronology of relevant events

as he believed them to have occurred. Dkt. No. 161. Judge Evangelista's sixty-five-page R&R engaged in a thorough analysis of the available submissions and, as relevant here, walked through each of plaintiff's tolling arguments and carefully rejected each of them. Dkt. No. 174.

Judge Evangelista's legal analysis is entirely accurate. Plaintiff's second letter seeking an extension of time does not offer any reason to begin to think that it isn't. Instead, plaintiff's latest letter references his desire to seek more records. Dkt. No. 177. But discovery in this action has been closed for over a year now. *See* Dkt. No. 146. Plaintiff's second letter request also indicates that he is trying to get an attorney. Dkt. No. 177. But he has already sought the appointment of counsel to assist him on multiple occasions. Dkt. No. 30, 80, 155. In denying those requests, judicial officers have noted that plaintiff has already made *multiple* unsuccessful efforts to obtain counsel on his own (*i.e.*,

by means other that filing a motion with the Court) and explained to plaintiff that there is no right to counsel in civil cases. *See* Dkt. No. 156.

The Court is not unsympathetic to the fact that plaintiff is *pro se*, incarcerated, and visually impaired. But plaintiff has been cautioned—right from the start of this case— that he would need to identify a reason to find that tolling might be warranted. And despite the benefit of discovery, he failed to do so.

Thus, under these particular circumstances, based on this particular record, and even accounting for plaintiff's status as a *pro se*, incarcerated, visually impaired litigant, a further extension of time would be unwarranted. Accordingly, upon *de novo* review, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 174) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 157) is GRANTED;

3. Plaintiff's motion for summary judgment (Dkt. No. 161) is DENIED;

4. The defendant Does are *sua sponte* DISMISSED from this action;

5. Plaintiff's letter seeking a second extension of time (Dkt. No. 177) is DENIED; and

6. Plaintiff's amended complaint (Dkt. No. 85) is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: September 16, 2026

Utica, New York.

Anthony J. Brindisi
U.S. District Judge